**Dong Soon TRISDALE, Plaintiff— Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant— Appellee.**

**No. 08–15843.**

United States Court of Appeals, Ninth Circuit.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 2, 2009.*

Filed June 9, 2009.

Dong Soon Trisdale, Phoenix, AZ, pro se.

Jacqueline Anna Forslund, Assistant Regional Counsel, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: SKOPIL, LEAVY and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Dong Soon Trisdale appeals pro se the district court's decision affirming the denial of social security disability insurance benefits and supplemental security income payments. Because substantial evidence supports the agency's conclusion that Trisdale is not disabled for purposes of obtaining such benefits, we affirm.

## DISCUSSION

A claimant bears the burden of establishing disability by demonstrating an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment...." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir.2005) (quoting 42 U.S.C. § 423(d)(1)(A)). To determine whether the claimant has met that burden, the Administrative Law Judge (ALJ) is required to evaluate the evidence using a five-step, sequential analysis. *Id.* (citing 20 C.F.R. § 404.1520). The ALJ did so

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

here, concluding at step one that Trisdale had not engaged in substantial gainful activity during the relevant time period. At step two, the ALJ found that Trisdale's impairments are severe, but for purposes of step three, her impairments do not automatically direct a finding of disability. At step four, after determining Trisdale's residual functional capacity for light unskilled work, the ALJ ruled that Trisdale was unable to perform her past relevant work. Finally, at step five, after consulting a Vocational Expert, the ALJ ruled that given Trisdale's age, education, prior work experiences, and exertional capacity for light unskilled work, she could perform identifiable jobs that exist in significant numbers in the economy.

Trisdale does not specifically challenge any of the ALJ's sequential determinations, but does seem to contend the ALJ erred by rejecting her subjective claims of disabling chronic pain and fatigue. The record indicates the ALJ partially credited these claims, stating that "[d]ue to her subjective complaints of chronic pain and chronic fatigue, she is limited to unskilled work." Nonetheless, the ALJ refused to credit Trisdale's contention that her symptoms preclude her from engaging in any substantial gainful activity.

In instances "where the record includes objective medical evidence establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which [s]he complains, an adverse credibility finding must be based on clear and convincing reasons." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir.2008) (internal quotation marks omitted). To meet that standard, "the ALJ was required to point to specific facts in the record which demonstrate that [claimant] is in less pain than she claims." *Vasquez v. Astrue*, 547 F.3d 1101, 1105 (9th Cir.2008) (internal quotation marks omitted).

We conclude that standard was met here. The ALJ found that Trisdale's claims of disabling pain and fatigue were inconsistent with her "level of activity, lack of strong pain medication and noncompliance with suggested treatment." Specifically, the ALJ noted Trisdale had refused various treatments and medications. He also considered that she engaged in some work activity after the accident, is able to care for herself and "is independent in her activities of daily living." Moreover, she had been representing herself in litigation involving the accident, including going to the law library, reading books, researching the law, and typing briefs and memoranda. Finally, the ALJ noted that Trisdale successfully completed a marketing workshop, won an award for her photography, and regularly takes yoga and exercise classes. These are clear and convincing reasons supporting the ALJ's conclusion that "claimant's allegations regarding her pain and limitations and their impact upon her ability to work are not fully credible."

**AFFIRMED.**